UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jodi A. Schwendimann, f/k/a Jodi A. Dalvey,<br><br>            Plaintiff,<br><br>vs.<br><br>Arkwright, Inc.,<br><br>            Defendant. | Civil No. _____<br><br>**COMPLAINT**<br>**(PATENT INFRINGEMENT)**<br>**JURY TRIAL DEMANDED** |

Plaintiff Jodi A. Schwendimann ("Plaintiff"), for her Complaint against Defendant Arkwright, Inc.. ("Defendant"), states and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual and resident of Hennepin County, Minnesota. She owns and operates a small business known as Cooler Concepts. Plaintiff, through Cooler Concepts, is in the business of manufacturing and selling specialty paper products, including inkjet image transfer paper or sheets.

2. Upon information and belief, Defendant Arkwright is a Rhode Island corporation with its principal place of business located at 538 Main Street, Fiskefille, RI 02823. Upon information and belief, Defendant is a wholly owned subsidiary of Oce, N.V., a Dutch international holding company. Upon information and belief, Defendant has four manufacturing facilities and ten distribution centers in the United States and Europe. Defendant is, among other things, in the business of producing coating film and paper, including photo papers, self-adhesive papers, inkjet films, and inkjet image transfer papers or sheets.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, and for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4. This Court has original and exclusive jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a). This Court also has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and this action is between citizens of different states. This Court has supplemental jurisdiction under § 1367(a)

5. Defendant is selling a product within the State of Minnesota and this judicial district which infringes a patent owned by Plaintiff, thus Defendant is subject to the jurisdiction of this Court.

6. Venue is proper in this district under 28 U.S.C.§ 1391 (b) and (c), and 28 U.S.C. § 1400 (a) and (b) in that Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff owns United States Patent No. 6,884,311 B1 (the "'311 Patent"), which is entitled "Method of Image Transfer On A Colored Base." The '311 Patent was filed on April 3, 2000 and issued to Plaintiff on April 26, 2005.

8. The '311 Patent includes an image transfer sheet. The image transfer sheet comprises a release layer and a polymer layer. One or more of the release layer and the polymer layer comprise titanium oxide or other white pigment. A copy of the '311 Patent is attached hereto as *Exhibit A*.

9. Prior to the embodiment of the invention described in the '311 Patent, the method for transferring an image onto a colored base and to an article comprising a dark base and an image with a light background on the base was a multiple step process.

10. The image transfer sheet invention described in the '311 Patent reduces the number of steps required to transfer an image onto a colored base and to an article comprising a dark base and an image with a light background on the base.

11. Plaintiff has been practicing the invention, through Cooler Concepts which has an exclusive implied license to the '311 Patent, by manufacturing and selling these innovative image transfer sheets. One of the uses of the image transfer sheets is to allow customers to print an image from a consumer or commercial printer, place the paper on a "base" (such as a T-shirt) and then, using heat, transfer the printed image to the base. This process is a modern "iron-on," allowing users to, among other things, print an image from their home printer, and transfer it to a T-shirt by ironing over the transfer paper. This image transfer process has many other uses in the consumer, commercial, and industry markets.

12. Defendant has made, used, sold, and/or offered for sale image transfer sheets, and potentially other products, which incorporate certain of the claims of the '311 Patent, including, but not limited to Arkwright's Multi-Surface Transfer Paper, Arkwright Stock No. 754-00, and Arkwright's Fashion Transfer for Dark Colored Fabrics, Arkwright Stock No. 889.55.

13. Upon information and belief, Defendant had actual knowledge of the '311 Patent, but nonetheless made and continued to make, use, sell, and/or offer to sell its infringing products.

14. Through Defendant's marketing of their infringing product, Plaintiff has lost customers, sales and profits.

15. By assignment, Defendant is the registered owner of United States Patent No. 6,667,093, which was filed on April 19, 2001, issued on December 23, 2003, and is entitled "Ink-jet printable *transfer* papers for use with fabric materials" (emphasis in original) ("Defendant's Patent").

## Count I
## Infringement of U.S. Patent No. 6,884,311 B1

16. Plaintiff incorporates by reference Paragraphs 1 through 85 as if stated herein.

17. The '311 Patent is valid and enforceable.

18. Defendant has infringed, and still is directly, knowingly and actively infringing on one or more of the claims of the '311 Patent, including, without limitation, claims 6-9 and 14.

19. In addition, Defendant has induced and contributed to, and still is inducing and contributing to, the infringement of the '311 Patent.

20. Defendant's acts of infringement include, but are not limited to, making, using, selling, and/or offering for sale within this District and elsewhere its image transfer sheets, and/or other products or methods incorporating Plaintiff's patented image transfer

- 5 -

sheets or methods for transferring an image to a colored substrate comprising woven, fabric based material as claimed in the '311 Patent.

21. Such illegal patent infringement activities have caused and will continue to cause loss and injury to Plaintiff, unless Defendant is permanently enjoined by this Court from any further acts of infringement for the remaining term of the '311 Patent.

22. Upon information and belief, Defendant's infringement has been and continues to be intentional, knowing, willful, deliberate, without license or justification, and with full knowledge of Plaintiff's rights.

23. Defendant has derived, received, and will continue to derive and receive profits from its acts of infringement in amounts not presently known to Plaintiff. By reason of Defendant's acts of infringement, Plaintiff has been and will continue to be damaged.

24. Because of Defendant's wrongful conduct, Plaintiff is entitled to recover three times its damages, as well as its lost profits, costs, attorney fees and investigative fees.

25. Defendant has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '311 Patent for which Plaintiff has no adequate remedy at law, unless and until this Court enjoins Defendant.

## COUNT II – DECLARATORY JUDGMENT

26. Plaintiff incorporates by reference Paragraphs 1 through 25 as if stated herein.

27. By virtue of its filing date, the '311 Patent has priority over Defendant's Patent.

28. Defendant's Patent is invalid pursuant to, among other reasons, 35 U.S.C. § 102(e)(1) because the alleged invention is described in the application for the '311 Patent.

29. The Court should issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that Defendant's Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. a judgment that Defendant has infringed, induced infringement, and contributorily infringed Plaintiff's patent rights;

2. a permanent injunction enjoining Defendant from infringing, inducing infringement, and from contributing to the infringement of the '311 Patent;

3. a judgment that at least some of Defendant's various acts of infringement have been in willful and deliberate disregard of Plaintiff's patent rights;

4. a judgment awarding Plaintiff compensatory and exemplary damages, but not less than a reasonable royalty, including allowance of multiplied damages based on Defendant's willful and deliberate infringement;

5. a judgment awarding Plaintiff its costs incurred herein, including attorneys' fees for an exceptional case pursuant to 35 U.S.C. § 285;

6. a permanent injunction prohibiting Defendant from further infringement, inducement and contributory infringement of the '311 Patent;

7. a judgment declaring that Defendant's Patent is invalid; and

8. a judgment awarding Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial as to all issues so triable.

January 16, 2008

WINTHROP & WEINSTINE, P.A.

By: *[signature]*
Brooks F. Poley, #185139
David A. Davenport, #0285109
Kyle J. Kaiser, #0345106

225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400
*Attorneys for Plaintiff*

3219569v1