# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jodi A. Schwendimann, f/k/a
Jodi A. Dalvey,

                Plaintiff,

       v.

Arkwright, Inc.,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civ. No. 08-162 ADM/JSM

_____

David A. Davenport, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, on behalf of
Plaintiff.

Louis E. Fogel, Esq., Sidley Austin LLP, Chicago, IL, and Tara Norgard, Esq., Carlson, Caspers,
Vandenburgh & Lindquist, Minneapolis, MN, on behalf of Defendant.

_____

# I. INTRODUCTION

On June 5, 2008, the undersigned United States District Judge heard oral argument on
Defendant Arkwright, Inc.'s ("Arkwright") Motion to Dismiss Plaintiff's Declaratory Judgment
Action [Docket No. 7], Plaintiff Jodi A. Schwendimann's ("Schwendimann") Motion to Dismiss
Count II of Defendant's Counterclaims [Docket No. 15], and Arkwright's Motion for Leave to
Amend Counterclaims [Docket No. 42].  For the reasons stated below, Arkwright's Motion for
Leave to Amend Counterclaims is granted, and Arkwright's and Schwendimann's respective
Motions to Dismiss are denied.

# II. BACKGROUND

The relevant allegations of Schwendimann's Complaint [Docket No. 1] are as follows.
Schwendimann, a resident of Hennepin County, Minnesota, owns and operates a small business
known as Cooler Concepts.  Compl. ¶ 1.  Schwendimann owns United States Patent No.

6,884,311 B1 (the "'311 Patent"), which is entitled "Method of Image Transfer on a Colored Base." Id. ¶ 7. Schwendimann filed a patent application on April 3, 2000, and the United States Patent and Trademark Office (the "USPTO") issued the '311 Patent on April 26, 2005. Id. The '311 Patent describes an image transfer sheet that reduces the number of steps necessary to transfer printed images onto items such as t-shirts. Id. ¶¶ 8-11. Cooler Concepts manufactures and sells the image transfer sheets covered by the '311 Patent. Id. ¶ 11.

Arkwright, a Rhode Island corporation, produces and sells image transfer sheets and other products that infringe claims of the '311 Patent. Id. ¶¶ 2, 12. The infringing products allegedly include Arkwright's Multi-Surface Transfer Paper, Arkwright Stock No. 754-00, and Arkwright's Fashion Transfer for Dark Colored Fabrics, Arkwright Stock No. 889.55. Id. ¶ 12. By assignment, Arkwright owns United States Patent No. 6,667,093 (the "'093 Patent") entitled "Ink-jet printable *transfer* papers for use with fabric materials." Id. ¶ 15 (emphasis in original). The application for the '093 Patent was filed on April 19, 2001, and the USPTO issued the '093 Patent on December 23, 2003. Id.

On January 16, 2008 Schwendimann initiated this litigation. Count I of Schwendimann's Complaint seeks injunctive and monetary relief. Id. ¶¶ 16-25. Count II seeks a declaratory judgment that Arkwright's '093 Patent is invalid under 35 U.S.C. § 102(e)(1) because the invention described in the '093 Patent was already described in the application for the '311 Patent. Id. ¶¶ 26-29. Arkwright has filed Counterclaims [Docket No. 10] seeking declaratory judgment of noninfringement of the '311 Patent and invalidity of the '311 Patent.

## III. DISCUSSION

### A.      Schwendimann's Motion to Dismiss; Arkwright's Motion For Leave to Amend

Schwendimann argues Count II of Arkwright's Counterclaims should be dismissed for failure to state a claim.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law."  McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  Therefore, the law of the regional circuit applies.  Id. However, the Eighth Circuit has not addressed whether Twombly affects the pleading standard for claims under patent law.  The Federal Circuit in McZeal held that under Twombly a plaintiff asserting a patent infringement claim "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."  McZeal, 510 F.3d at 1357.  Although McZeal addressed the pleading standard for a patent infringement claim and applied Fifth Circuit law,

this Court finds that the pleading standard discussed in <u>McZeal</u> is applicable to the case at bar and will likely be the standard applied by the Eighth Circuit.

Count II of Arkwright's Counterclaims states that "[e]ach and every claim of the '311 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103, 111-113, 133, 151."  Def.'s Counterclaims ¶ 12.  Recognizing that this sparse allegation may not be sufficient under <u>Twombly</u>, Arkwright has filed a Motion for Leave to Amend, and provided proposed Amended Counterclaims [Docket No. 44].

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice so requires.  Schwendimann argues that Arkwright's proposed amendments are futile.  However, the Court finds that the allegations contained in Arkwright's proposed amended Count II adequately state a claim that Schwendimann's '311 patent is invalid.  Paragraph twelve of Arkwright's proposed Amended Counterclaims asserts that "[e]ach claim of the '311 patent is invalid under 35 U.S.C. § 102(a) because the subject matter of the claims was known or used by employees of Arkwright in the United States prior to the alleged invention by the inventors."  Paragraph fourteen alleges "[e]ach claim o[f] the '311 patent is invalid under 35 U.S.C. § 102(b) because . . . the subject matter of the asserted claims was asserted in EP 0881092 more than one year prior to the filing date to which the asserted claims of the '311 patent are entitled."  These allegations are sufficient to place Schwendimann "on notice as to what [s]he must defend."  <u>McZeal</u>, 501 F.3d at 1357.  The Court grants Arkwright's Motion for Leave to Amend and denies Schwendimann's Motion to Dismiss Count II of the Amended Counterclaims.

**B.**      **Arkwright's Motion to Dismiss Count II of Schwendimann's Complaint**

Arkwright moves to dismiss Schwendimann's claim for declaratory judgment for lack of

subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Rule 12(b)(1)

provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction.  On

a motion to dismiss under Rule 12(b)(1), a defendant may challenge the complaint on its face, or

the defendant may contest the truthfulness of the alleged facts.  <u>Osborn v. United States</u>, 918

F.2d 724, 729 n.6 (8th Cir. 1990).  Here, Arkwright challenges the facial validity of the

Complaint.  Thus, the Court "restricts itself to the face of the pleadings, and the non-moving

party receives the same protections as it would defending against a motion under Rule 12(b)(6)."

<u>Id.</u> (citations omitted).

Arkwright argues Schwendimann has not adequately alleged a case or controversy

regarding Arkwright's '093 Patent.  The Supreme Court in <u>Medimmune, Inc. v. Genentech, Inc.</u>,

127 S. Ct. 764 (2007), recently addressed the standard for evaluating whether a declaratory

judgment claim states a case or controversy.  The dispute must be "definite and concrete,

touching the legal relations of parties having adverse legal interests"; "real and substantial"; and

"admit of specific relief through a decree of conclusive character, as distinguished from an

opinion advising what the law would be upon a hypothetical state of facts."  <u>Id.</u> at 771 (quotation

and internal alteration mark omitted).  In short, the question "'is whether the facts alleged, under

all the circumstances, show that there is a substantial controversy, between parties having

adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.'"  <u>Id.</u> (quoting <u>Md. Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270, 273

(1941)).

After reviewing the allegations in the Complaint, the Court finds that Schwendimann's

declaratory judgment count adequately states an actual case or controversy regarding the validity

of Arkwright's '093 Patent.  Schwendimann's '311 Patent and Arkwright's '093 Patent describe inventions for image transfer sheets.  Schwendimann has alleged that Arkwright's image transfer sheets infringe Schwendimann's '311 Patent, and that Arkwright's '093 Patent is invalid because the invention described therein was described in Schwendimann's '311 Patent application. Assuming these allegations are true, any attempt by Arkwright to practice the invention described in the '093 Patent would infringe Schwendimann's '311 Patent.  Liberally construed, the Complaint suggests that Arkwright was in fact practicing its '093 Patent when it produced the products that allegedly infringe Schwendimann's '311 Patent.  The Court finds that Schwendimann's allegations demonstrate a substantial controversy that is immediate and real, and that adjudication of the controversy may warrant declaratory relief.  Therefore, Arkwright's Motion to Dismiss Count II of Schwendimann's Complaint is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Defendant Arkwright, Inc.'s Motion for Leave to Amend Counterclaims [Docket

No. 42] is **GRANTED**;

2.      Plaintiff Jodi A. Schwendimann's Motion to Dismiss Count II of Defendant's

Counterclaims [Docket No. 15] is **DENIED**; and

3.      Defendant's Motion to Dismiss Plaintiff's Declaratory Judgment Action [Docket

No. 7] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 23, 2008.

7